IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FREIDA L. MITCHELL                                                                               PLAINTIFF

v.                                    Civil No. 2:18-CV-02146

LORETTA CHAMBERLAIN                                                                     DEFENDANT

## ORDER

Plaintiff has filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 2). Pursuant to 28 U.S.C. § 1915(e)(2) the Court has the obligation to screen any Complaint in which an individual has sought leave to proceed IFP. 28 U.S.C. § 1915(e)(2).

On August 17, 2018, Plaintiff filed a *pro se* Employment Discrimination Complaint requesting relief following a final decision from the U.S. Equal Employment Opportunity Commission (EEOC) dated July 20, 2017. (ECF No. 1). Plaintiff alleges the discriminatory conduct of failure to hire, failure to accommodate her disability, unequal terms and conditions of employment, retaliation, and harassment. (*Id*. at 4). She alleges this conduct was based on her race, color, age, and disability or perceived disability. (*Id*.).

Plaintiff attached a copy of her Request for Hearing and EEOC Final Agency Decision to her Complaint. (ECF No. 1-1). Based on the factual background contained in the Final Agency Decision, Plaintiff applied for the position of Postal Support Employee (PSE) Mail Processor at the Denver, Colorado, P&DC on August 12, 2014. (ECF No. 1-1 at 8, 9). Her application was then put on hold by Defendant Chamberlain for medical reasons on November 20, 2014. (*Id*. at 8). Plaintiff was interviewed by Defendant Chamberlain on November 24, 2014. (*Id*.). On March 10, 2015, the vacancy announcement under which Plaintiff had applied was cancelled. (*Id*. at 10).

1

Defendant Chamberlain closed Plaintiff's ongoing medical assessment on March 16, 2015, because Plaintiff failed to provide requested medical information. (*Id.*). The EEOC Final Agency Decision, dated July 20, 2017, found that the evidence did not support a finding that Plaintiff was subjected to discrimination. (*Id.* at 14). The decision informed Plaintiff of her right to file an EEOC appeal or a civil action in an appropriate United States District Court, as well as providing the timelines for doing so. (*Id.* at 14-15). Plaintiff does not allege in her Complaint to this Court that she filed an EEOC appeal. She further indicates the EEOC has not issued a Notice of Right to Sue letter. (ECF No. 1 at 5).

> Pursuant to 29 C.F.R. § 1614.407, a complainant who has filed an individual complaint:
>
> [I]s authorized under title VII, the ADEA, and the Rehabilitation Act to file a civil action in an appropriate United States District Court: (a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed; (b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and a final action has not been taken; (c) Within 90 days of receipt of the Commission's final decision on an appeal; or (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

Plaintiff's claim appears to be barred by the limitations period set out in 29 C.F.R. § 1614.407. Following the final EEOC decision on July 20, 2017, the Plaintiff was authorized to file a civil suit in an appropriate United States District Court within 90 days of receipt of the decision. The Final Agency Decision was mailed to the Plaintiff on July 20, 2017 (USPS Tracking No. 9114 9014 9645 1360 2724 80). (ECF No. 1-1 at 15). The record does not indicate the date on which the Plaintiff received the decision, however, the Plaintiff submitted a copy of it as an exhibit to her Complaint. (ECF No. 1-1). Therefore, although the exact date on which the limitations period began to run is not known, the Plaintiff clearly received the Final Agency Decision.

2

Plaintiff's Complaint was filed August 17, 2018, nearly 13 months after the Final Agency Decision on July 20, 2017, and well beyond the 90-day limitations period.

Even if Plaintiff's claim is not time-barred, her claim cannot proceed in this Court for lack of venue. Nothing in Plaintiff's Complaint demonstrates any connection to the Western District of Arkansas. Plaintiff alleges that she is a resident of Colorado. (ECF No. 1 at 1). Plaintiff alleges that the Defendant is also resident of Colorado. (*Id*. at 2). The acts complained of all occurred in State of Colorado. (*Id*. at 7-10). Thus, the United States District Court for the District of Colorado is the proper venue for this matter pursuant to 28 U.S.C. § 1391.

28 U.S.C. § 1406(a) provides as follows:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The interest of justice would not be served by transferring this time-barred case to the United States District Court for the District of Colorado, therefore, pursuant to 28 U.S.C. § 1406(a), this case should be dismissed for improper venue.

Accordingly, IT IS ORDERED that Plaintiff's Motion to Proceed IFP (ECF No. 2) is DENIED, and her case is DIMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 7th day of September 2018.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE